UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALEB BREAUX | CIVIL ACTION |
| VERSUS | NO: 22-00275 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (1) |

### ORDER and REASONS

Before the Court is the *Emergency Motion to Stay* filed by Plaintiff, Caleb Breaux.[1] Defendants have filed an opposition.[2] Plaintiff has filed a reply.[3] In addition, the parties were requested to file a joint status report, which they did.[4]

This is a case stemming from the *Deepwater Horizon* oil spill in 2010. Plaintiff, who was employed as a "clean-up worker" following the spill,[5] filed suit in February 2022 alleging "chronic exposure-related injuries" related to his work on the spill.[6] According to the complaint, those injuries include Follicular Lymphoma Grade 1-2, Follicular Pattern as diagnosed in 2020.[7]

A Scheduling Order was issued on July 6, 2022.[8] That scheduling order set forth a number

---

[1] R. Doc. 47.
[2] R. Doc. 48.
[3] R. Doc. 51.
[4] R. Doc. 54.
[5] R. Doc. 1.
[6] R. Doc. 18-1.
[7] R. Doc. 1.
[8] R. Doc. 9.

1

of deadlines and important dates, including Plaintiff's written expert reports and expert disclosures, which were due no later than December 22, 2022.

Plaintiff filed a Motion to Modify and/or Extend Deadlines on December 5, 2022, seeking a 90-day extension for "all unexpired deadlines" in the Case Management Order.[9] This Court on September 22, 2023, granted that motion, among other things, and extended Plaintiff's expert report deadline from December 22, 2022, to October 13, 2023.[10] Thus, Plaintiff was effectively granted nearly a ten-month extension, substantially more than the 90 days he had requested. The Order also dismissed Defendant's Motion for Summary Judgment on the ground that Plaintiff had not designated an expert on causation as moot, given the extension of the deadline.

Plaintiff did not, however, then designate a causation expert. Instead, he filed an Emergency Motion to Stay citing his medical condition and seeking a status conference in 120 days to determine whether his condition has improved sufficiently for him to participate meaningfully in the litigation. R. Doc. 47-1. He contends he has developed lymphoma and has undergone chemotherapy and immunotherapy and suffered other conditions during the spring and summer of 2023. In the fall of 2023, he was deemed to have only a 50% capacity, requiring substantial assistance. He states that he has suffered respiratory failure and he is on a waiting list for a lung transplant. R. Doc. 47-1, 7.

A.  **<u>APPLICABLE LAW</u>**

---

[9] R. Doc. 18.
[10] R. Doc. 45.

Rule 16(b) provides that a scheduling order, once entered, "may be modified for only good cause and with the judge's consent."[11] To meet the good cause standard, the moving party must show that despite the diligence of the party requesting the extension, the current deadlines cannot reasonably be met.[12] Fifth Circuit jurisprudence instructs district courts to consider four factors in exercising their "broad discretion to preserve the integrity and purpose of the pretrial order."[13] Those four factors are: (1) the explanation for the requested extension; (2) the importance of the discovery; (3) potential prejudice in allowing the extension; and (4) the availability of a continuance to cure such prejudice.[14] In consideration of motions for extension, a Court's "judgment range is exceedingly wide" as it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[15]

A district court has wide discretion to stay a pending matter to control its docket and promote the interests of justice.[16] In considering whether to grant a stay, the Court weighs several "'competing interests which will be affected by the granting or refusal to grant a stay.'"[17] These competing interests include the following: (1) "the orderly course of justice measured in terms of

---

[11] Fed. R. Civ. Pro. 16(b).
[12] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (internal citations omitted).
[13] *Id*. at 535-56. (internal citations omitted).
[14] *Id*. at 536.
[15] *Mejia v. Brothers Petroleum, LLC*, 2015 WL 5254696, at *4 (E.D, La. Sept. 9, 2015) (Vance, J.).
[16] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)
[17] *Treece v. Perrier Condominium Owners Association, Inc.*, 2020 WL 759567 * 22 (E.D. La. Feb. 14, 2020)(Morgan, J.).

3

the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"; (2) "the possible damage which may result from the granting of a stay"; and (3) "the hardship or inequity which a party may suffer in being required to go forward."[18] The decision to grant or deny a stay is a matter of judgment and is reviewed by the Court of Appeals for abuse of discretion.[19]

### B. ARGUMENTS AND ANALYSIS

Plaintiff seeks an emergency stay order with a request for a status conference in 120 days. Plaintiff contends his experts require him to be actively involved in his suit, have conference calls with them, and be examined by a psychologist. He contends he has not been able to communicate well with counsel and to participate in the preparation of complex expert reports, which are vital to proving his case. In his reply, Plaintiff contends he has retained several experts and will be proffering an expert report on his case with evidence of required medical support. Defendants, on the other hand, contend Plaintiff has missed at least two deadlines to produce expert reports and assert Plaintiff should not be afforded an indefinite extension.

The Court requested a joint status report from the parties, which was filed in April 2024. R. Doc. 54. In that report, Plaintiff again requests a stay of the expert report deadline sufficient to allow him to recover and participate meaningfully in the litigation. R. Doc. 54. He requests that he be allowed to submit a status report in 60 days advising the Court of his health status. The Court

---

[18] *Id.*
[19] *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 784 (5th Cir. 1997).

notes, however, that no such status report has been offered by Plaintiff, as of this date almost 150 days after the filing of the status report. As to discovery related to expert report deadlines, Plaintiff points to negotiations with third parties and non-parties, R. Doc. 54, pp. 4-7, as well as other umbrella judicial discovery. *Id.*, pp. 7-8..

Defendants point out that the case has been pending for over two years, during which time Plaintiff has missed two expert report deadlines. Defendants note Plaintiff has produced no expert reports on topics that would not require his cooperation, such as general causation. Defendants assert Plaintiff has not used the available time to develop his case, but has instead resorted to presenting his case to media outlets. With regard to discovery, Defendants believe there is no additional discovery remaining as to causation. However, should the Court allow Plaintiff additional time to submit expert reports, Defendants request additional time to depose Plaintiff, conduct updated discovery on Plaintiff's medical condition, and provide BP's expert reports. R. Doc. 54, pp. 7-8. As for third-party discovery, Defendants point out that a number of other courts have rejected the need for such discovery. R. Doc. 54, p. 8 (citing cases).

In this case, the Court has essentially granted Plaintiff the requested stay of the deadline for expert reports. However, considering the serious medical condition of Plaintiff, the Court will grant a continuance of all deadlines and issue a new scheduling order, to allow both sides sufficient time for discovery and motion practice. The Court notes, however, that any further extensions of any deadlines in the scheduling order will not be considered without a sufficient showing of good cause.

5

Accordingly,

**IT IS ORDERED** that the Motion for Emergency Stay (R. Doc. 47) is DENIED.

**IT IS FURTHER ORDERED** that the Court will continue all deadlines and issue a scheduling order. The Court's Case Manager will notice a scheduling conference to select new trial and related dates.

New Orleans, Louisiana, this 23rd day of September 2024.

                                        GREG GERARD GUIDRY
                                    UNITED STATES DISTRICT JUDGE